# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

**In re:**

**NANCY ROBIN RICE,**     CaseNo. 09-35419-KRH
    **Debtor.**     Chapter 13

## OBJECTION TO CONFIRMATION OF
## AMENDED CHAPTER 13 PLAN

To the Honorable Kevin R. Huennekens, U.S. Bankruptcy Judge:

**COMES NOW,** Michael Wayne Investment Co., Inc. ("Michael Wayne Investment"), a secured creditor herein, by counsel, and objects to the Confirmation of the Debtor's Amended Chapter 13 plan dated October 5, 2010 and filed the same date (the "Amended Plan"). In support of its objection, it respectfully represents as follows:

1.   Michael Wayne Investment is the holder of a purchase money security interest in a motor vehicle owned by the Debtor and described as follows:

    2004 Dodge Stratus, VIN 1B3EL36X94N192449 (the "Stratus")

2.   On August 24, 2009, the Debtor filed a petition seeking relief pursuant to Chapter 13 of Title 11 of the United States Code, whereupon an Order for Relief was entered.

3.   Carl M. Bates was appointed and is acting as Trustee of the Debtor's estate.

4.   The Debtor filed her original Chapter 13 plan, dated August 25, 2009, on the same date (the "Plan").

Patrick J. McKenna, Esquire
Virginia Bar ID No. 31058
Counsel for Michael Wayne Investment Co., Inc.
Post Office Box 3018
Chesapeake, VA 23327
(757) 717-1027

5. The Plan provided funding for the payment of Michael Wayne Investment's secured claim in the amount of $9,419.00 at 5.25% interest through equal payments of $181.48 over 59 months.

6. An Order was entered confirming the Plan on November 3, 2009.

7. The Debtor filed an Amended Plan, as previously noted above, on October 5, 2010.

8. The Amended Plan proposes surrender of the Stratus in satisfaction of the secured portion of Michael Wayne Investment's allowed secured claim. It further proposes that Michael Wayne Investment shall have a general non-priority unsecured claim to the extent the disposition of the Stratus does not satisfy its allowed claim.

9. The Amended Plan is filed in bad faith in that the Debtor seeks to impermissibly reclassify and bifurcate its allowed secured claim in violation of those modifications which are permissible under 11 U.S.C. Section 1329(a) and 11 U.S.C. Section 1327(a) through the surrender of the Stratus post-confirmation. (See *In re Nolan*, 232 F.3d 528 (6th Cir., 2000))

10. Further, the Amended Plan is filed in bad faith in that the Schedule I attached to the Amended Plan reflects that the Debtor's net monthly income has increased by $86.00 but the Debtor seeks to decrease her monthly plan payments by $285.00 and shorten the length of her plan by 20 months.

11. The Amended Plan is proposed in bad faith because while the Debtor seeks to reduce her monthly plan payment, the Debtor without Court permission appears to have purchased a motor vehicle and incurred a monthly automobile payment of $423.00 per month, as evidenced by the Schedule J attached to her Amended Plan, thereby reducing her ability to satisfy her creditors without justification or Court permission.

12. As the Amended Plan, fails to state why the surrender of the Stratus is being proposed, the purchase of a new vehicle and the surrender of the Stratus may indicate that the Debtor has failed to maintain and/or damaged the Stratus and now wants Michael Wayne Investment to bear the burden of the Debtor's failure and/or negligence in caring for its collateral and damaging its claim while she uses a new vehicle to which purchase the Trustee, creditors and parties in interest were unable to object because she failed to seek Court permission for said purchase.

13. Even if arguably 11 U.S.C. Section 1329(a) permitted the Debtor's treatment of Michael Wayne Investment as she proposes in her Amended Plan, which this creditor asserts it does not, the Amended Plan could not be confirmed as a matter of law for the Amended Plan fails to meet the requirements of 11 U.S.C. Section 1325(a)(1) and 1325(a)(3) as required by 11 U.S.C. Section 1329(b)(1).

**WHEREFORE**, Michael Wayne Investment Co., Inc. prays that confirmation of the Debtor's Amended Chapter 13 Plan be denied; that it be awarded its attorney's fees and costs incurred in pursuing this objection and for such further relief as this Court may deem just.

Dated this 10th day of November 2010.

**MICHAEL WAYNE INVESTMENT CO., INC.**

BY: /s/Patrick J. McKenna
   Patrick J. McKenna
   Counsel for Michael Wayne Investment Co., Inc.
   P.O. Box 3018
   Chesapeake, VA 23327

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the foregoing Objection to Confirmation of Amended Chapter 13 Plan was submitted for electronic transmittal to Carl M. Bates, Trustee; Elizabeth C. Brogan, Esq., Counsel for Debtor; and mailed, first class postage prepaid this 10th day of November, 2010 to Nancy Robin Rice, 25 Smith Lane, Cartersville, VA 23027.

                                                /s/Patrick J. McKenna
                                                  Patrick J. McKenna